IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANUEL ANDERSON GARCIA MONRROY, | : | |
| *Petitioner*, | : | |
| | : | |
| v. | : | CIVIL NO. 26-5063 |
| | : | |
| JAMAL L. JAMISON et al., | : | |
| *Respondents*. | : | |
| | : | |

**Scott, J.**                                                                                      **July 23, 2026**

## MEMORANDUM

Petitioner Manuel Anderson Garcia Monrroy filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1. Petitioner alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and his Due Process rights. *Id.* ¶¶ 9-10.

Petitioner is a noncitizen from Guatemala. *Id.* ¶ 23. Petitioner entered the United States seeking asylum protection on or about 2024. *Id.* ¶ 26. After entry, Petitioner applied for asylum and received work authorization, proceeding to reside in Reading, Pennsylvania with his partner. *Id.* ¶¶ 27, 24. On or about July 20, 2026, Petitioner attended a routine ICE supervision check-in appointment, at which time he was taken into immigration custody although he has no criminal record, is not a danger to the community, and is not a flight risk. *Id.* ¶¶ 25, 28-29. Petitioner was not informed of the reason he was taken into custody. *Id.* ¶ 29.

The Government filed a Response informing the Court that "this action raises the same issue of the lawfulness of mandatory detention under 8 U.S.C. § 1225(b)(2)(A) that this Court has previously addressed in hundreds of prior cases." ECF No. 3 at 1. The Government states that its

Response is an "abbreviated" version of the responses it filed in those prior cases and that it will submit further briefing "if requested by the Court." *Id.* The Government also cites the Federal Rules of Civil Procedure for the notion that the Rules "should be construed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (citing Fed. R. Civ. P. 1). The irony is not lost on this Court that the Government now seeks to make these proceedings efficient even though its own actions—which the Eastern District of Pennsylvania has in hundreds of cases deemed illegal and premised on a dubious statutory interpretation—are responsible for the fusillade of cases that have inundated the Court's dockets. *See also Once Chillogallo v. Jamison et al.*, 2026 WL 295741, at *1 (E.D. Pa. Feb. 4, 2026) ("[F]or each rejection of the government's legal position and granting of habeas relief to petitioners, at least two more nearly-identical habeas petitions appear to populate the dockets of this district.").

Even without the benefit of full briefing, it is obvious that the law favors Petitioner's position. Accordingly, and for the same reasons given in the hundreds of other cases dealing with this issue, the Court holds that Petitioner's detention violates the INA. *See, e.g., Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Bhatia v. O'Neill*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025).

This Court therefore grants Petitioner's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Petitioner is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Petitioner under 8 U.S.C. § 1226(a) for seven days following his release. An appropriate Order accompanies this Memorandum.